UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LARHONDA AUSTIN, | ) |
| | ) |
| Plaintiff, | ) No. 13 cv 91 EJM |
| vs. | ) |
| | ) ORDER |
| CRST EXPEDITED, INC., | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on defendant's partially resisted motion in limine,

filed April 24, 2015. Granted in part; denied in part.

First, defendant seeks to exclude evidence that it has been party to other

lawsuits, complaints, claims or settlements by other female trainee drivers. Denied.

Such evidence may be probative of defendant's notice and/or knowledge of a possible

hostile environment concerning female trainee drivers going on long haul routes with

male lead drivers, and the reasonableness of any corrective actions which defendant

may have taken in response, all of which are highly relevant to this lawsuit. Hicks v.

Gates Rubber Co., 833 F.2d 1406 (10th Cir. 1987).

Second, defendant seeks to exclude any reference to its lead drivers as

"supervisors." Denied. Whether the male lead drivers are supervisors or co-workers

is an important question of fact which dictates the level of proof which plaintiff must

produce to find the employer liable. Defendant argues that this question has been

settled in its favor by the Eighth Circuit in EEOC v. CRST Van Expedited, Inc., 679

F.3d 657, 684-85 (8th Cir. 2012). But that case proceeded on a factual record made

by a different plaintiff. Such does not bind this plaintiff. She is free to try to prove a

factual record sufficient to hold male lead drivers as "supervisors", even if the previous

plaintiff could not do so. In addition, plaintiff here is bringing a claim under the Iowa

Civil Rights Act, which differs in this regard from interpretations of the federal act, Pippen v. State of Iowa, 849 N.W.2d 1, 28 (Iowa 2014), and was not at issue before the Eighth Circuit in the previous EEOC v. CRST case.

Third, defendant seeks to exclude any discussion or reference to settlement negotiations. Plaintiff does not resist this; in fact plaintiff has made a parallel motion. Granted.

Fourth, defendant seeks to exclude any reference to its financial condition. Plaintiff is seeking punitive damages, and this evidence is probative of that. Denied.

Fifth, defendant seeks to exclude any reference to its parent, subsidiary or sister corporations. Plaintiff only resists this motion to the degree it inhibits voir dire of potential jurors for prejudice or bias. Reference to parent, subsidiary or sister corporations allowed during voir dire; otherwise excluded.

Sixth, defendant seeks to exclude reference to the administrative findings of the Iowa Civil Rights Commission in response to this plaintiff's complaint to it. Admission of such administrative findings is left to the discretion of the trial judge. Jones v. Cargill, 490 F.Supp.2d 989, 992 (N.D. Iowa 2007) citing White v. Honeywell, 141 F.3d 1270, 1277 (8th Cir. 1998). Here, the jury may place undue weight on such evidence. Most courts facing this question have excluded this evidence for this reason. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995); Williams v. Nashville Network, 132 F.3d 1123, 1129 (6th Cir. 1997). Granted.

Seventh, defendant seeks to exclude all references by lay witnesses on legal terms such as "severe", "pervasive" or "prompt remedial action." Since such is highly dependent upon the context in which the witness might seek to testify in use of such

2

terms, the court reserves action on this objection until it arises during trial. Denied without prejudice to renewal.

Eighth, and lastly, defendant seeks to exclude the testimony during deposition of defendant's employee Angie Stastny, its Human Resources Director, relating to the effectiveness of different aspects defendant's policies against sexual harassment. Such is clearly relevant to this case. Denied.

It is therefore

ORDERED

Granted or denied according to above.

April 28, 2015

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT